UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

JUAN NOBOA                                     :

     Plaintiff,                          :

                              **Complaint**

                         Docket No: CV-17-4099

  -Against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT
P.O. THOMAS MULLIGAN, P.O. ANTONIO RAMOS, P.O.
PAUL MANGIONE

     Defendants.                     :

-------------------------------------------------X

     Plaintiffs, complaining of the defendant's herein, by his

     Attorneys,  LAWRENCE LAW GROUP, LLC. alleges as follows:

### FAIR NOTICE OF FACTS AND CLAIMS

Mr. NOBOA, at the time made the basis of the facts of this complaint, was a citizen of the United States   at the Allen Park /location on Motor avenue ,Farmingdale, New York on Sunday July 13, 2014. Mr. Noboa was dropping off his son for pick-up by his mother. The mother was late for the pick-up. When the mother did arrive an argument ensued. The child's mother called the police. When the Police arrived, they spoke to the child's mother. Thereafter P.O. Mulligan approached Mr. Noboa, became very aggressive in his attitude and his tone of speech toward the Plaintiff, and without any provocation from the Plaintiff, or probable cause , forcefully pushed the Plaintiff, grabbed the Plaintiff and threw Plaintiff against a car. The other defendants P.O Mangione ,Ramos  and unknown others then proceeded to violently grab the plaintiff and propelled Plaintiff to the ground and started beating and abusing him . These Officers then proceeded to cuff the plaintiff and continued to beat the plaintiff with P.O. Mulligan repeatedly lifting and smashing the Plaintiffs head into the ground and while practically strangulating the Plaintiff, i.e. cutting off his ability to breathe.

### PARTIES AND VENUE

    **1.**  At all relevant times, Juan Noboa  is  an  adult  resident  of

Bay Shore, Suffolk County, New York and has been for more than six (6) months immediately preceding the filing of this complaint.

2. Upon information and belief, Defendant(s) County of Nassau, is a municipality corporation and local government of the State of New York.

3. Defendant Nassau County Police Department is a department of the County and Legal entity, who or which, on the occasion made the basis of this suit, was guilty of negligent hiring and negligence, negligent supervision and training and/or breached any duty to the Plaintiff whether in tort which directly and/or indirectly, and/or proximately caused the Plaintiff's injuries and damages;

4. Defendants P.O. Mulligan and P.O. Mangione and P.O. Ramos ,are employees including those, whose names are unknown, but who shall be added by amendment, are intending to refer to those persons, who or which, on the occasion made the basis of this suit, were liable for intentional acts ,negligent supervision and/or breached any duty to the Plaintiff whether in tort which directly and /or indirectly, and/or proximately caused the Plaintiff's injuries and damages;

5. The above named police officer defendants /employees , Mulligan, Ramos and Mangione conspired with to commit acts which Defendant "County of Nassau and Nassau County Police department" knew or should have known were likely to be committed against an member of the public and for which they failed to take reasonable precautions to prevent actions towards the Plaintiff.

**6.** The Defendants and including those, whose name is unknown, but who shall be added by amendment, is intending to refer to that person , who or which , on the occasion made the basis of this suit, were guilty of wantonness, recklessness , reckless disregard, and/or breached any duty to the Plaintiff in tort which directly and/or indirectly, and/or proximately caused the Plaintiff's injuries and damages.

### AS AND FOR FOR A FIRST CAUSE OF ACTION

(1)   This a civil action, brought under 42 U.S.C Sections 1981, 1983 and 1985, seeking damages against the defendants for committing acts, under color of state law, which deprived the Plaintiff' of Federal civil rights, including those rights secured by the Fourth and Fourteenth Amendments to the constitution of the United States; including depriving the Plaintiff of his liberty without due process of law.

(2) This court's jurisdiction is involved pursuant to the provisions of 42 U.S.C. 1983, and 28 U.S.C. 1331, 1343 (3)

(3)   The amount in controversy, exclusive of costs and interest, Exceeds FIFTY THOUSAND DOLLARS ($50,000.00)

(4)   This cause of action arose in Nassau County, State of New York.

(5)   Plaintiff resides in the County of Suffolk; upon information and belief, Defendants are located in New York State.

(6)   Defendant County of Nassau is a municipal corporation and local government within the State of New York, at all times relevant to this complaint .

(7)   Defendant, Nassau County Police department is a unit /legal entity within the County of Nassau. Defendants Thomas Mulligan, Antonio Ramos, Paul Mangione are police officers employed by the department.

(8)   The Plaintiff sues the Defendant County of Nassau in its official

capacities.

(9)     On or about July 13, 2014, at 9:05 o'clock pm, at Allen Park 99

Motor Ave South Farmingdale, New York, Defendant, County of Nassau through

its agents, did falsely arrest Plaintiff who suffered damages from the result of police

misconduct and excessive force.

(10)    The Defendant, County of Nassau, acting under color of the

status, customs, ordinances, official policies and usage of its employer,

County of Nassau and Nassau County police Department, violated the

provisions of the United States Constitution and did then and there commit

one or more of the following malicious and reckless acts and/ or omissions:

(A)  The defendant, Thomas Mulligan acting in concert with Antonio Ramos,

and Paul Mangione, falsely arrested the Plaintiff at Allen Park 99 Motor

Ave S. Farmingdale, New York. The  Plaintiff suffered damaged, cause by police

misconduct and excessive force.

(B)  The damages were sustained in the following manner, to wit

excessive handcuffed tightening, excessive yanking, very violently to legs

and arms, shoving claimant to the ground while handcuffed, bruised,

contusions to head, arms, torso and legs. Slamming Plaintiff's head to the concrete

floor, repeatedly stepping on his head.

(C)  The defendant, County of Nassau caused damaged to Plaintiff,

Juan Noboa which resulted in pain and suffering to the head, arms, legs

and ribs.

(D)  The Defendant, County of Nassau damages to Plaintiff, Juan

Noboa are as follows:

1) Mental & Physical anguish

2) Loss of Income

3) Personal Injury

4) Loss of Consortium

(11)  The acts and omissions of the Defendant, Thomas Mulligan and the

County of Nassau, violated the rights secured to the Plaintiff under the Fourth,

Fifth and Fourteen Amendments to the Constitution of the United States.

**WHEREFORE**, the Plaintiff, Juan Noboa, seeks the following relief:

a. An award of reasonable compensation for damages as a result of

the Defendant use of excess abusive authority and reasonable force;

b. An award of punitive damages in an amount reasonably calculated

to deter the Defendant and other in similar situation from like conduct;

c. Trial by jury

d. Award of reasonable attorney fees;

e. An award of costs of this action and all other relief just, proper and

warranted.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF NASSAU

(12)  Plaintiff re-alleges paragraphs one (1) through (11) above, as

Through specifically restated herein.

(13)  The defendant, County of Nassau, by and through the County

of Nassau police department, is responsible for establishing the policies, procedures,

customs and usages complained about herein.

(14)  The Defendant, Nassau County Police Department, had an

obligation and duty to Juan Noboa to properly train, supervise and discipline the

Defendant, Thomas Mulligan, on probable cause the use of force when

effecting investigation and arrests.

(15)  The Defendant, County of Nassau, had a duty to comply with

the terms and provisions of an ordinance that established a citizen complaint

review board so as to identify, investigate and discipline, when appropriate,

County of Nassau who are involved in wrongful conduct including, but not

Limited to police brutality and excessive unreasonable and/ or deadly force.

(16)  Upon on information and belief, Defendant, County of Nassau

 has with reckless disregard of the consequences failed to train and supervise

its co-defendant, the Nassau County Police Department, in the use of force,

investigating  techniques, and proper arrest procedures when effecting an arrest,

such lack training and supervision caused the deprivation of the liberty and

freedom of Plaintiff Juan Noboa.

(17)  Upon information and belief, Defendant, County of Nassau,

by Its practices, policies and customs has with willful indifference and

reckless disregard for the rights and safety of Juan Noboa, failed to

adequately staff the citizen complaint review board and to otherwise comply

With the rules, statues and regulation pertaining thereto so as to monitor the

Defendant, The County Police Department.

(18)  Upon information and belief, Defendant, The County of

Nassau, acting under color of statues, customs, ordinances, official policies

and usage, through its employees, including but not limited to its police

department violated the plaintiff's right to liberty and due process and

committed acts and/ or commissions that:

(a)  Encouraged, acquiesced and/ or approved of the practice of The

County of Nassau, of abusing their authority when they made contact with

the citizens of New York, including Plaintiff Juan Noboa.

(b)   Failed and refused to train and supervise Defendants, Thomas

Mulligan in the proper and lawful arrest techniques.

(19) This Action or omission by the Nassau County Police Department,

through its Police department and its various agencies and policy making

officials, demonstrates a callous indifference to the rights of the plaintiff and other

individuals who are harmed by police misconduct; and such consequence is

reasonably foreseeable by the Defendant, The County of Nassau. Such

failure to train, and later to investigate and discipline, reflects deliberate and

conscious choice by the Defendant municipality County of Nassau.

## AS FOR A THRID CAUSE OF ACTION

(20)  Plaintiff re-alleges paragraphs (1) through (19) above as though

specifically restated herein.

(21) The acts described in paragraph 1-19 above, constitute an

unlawful abuse of The County of Nassau, all in violation of Fourth and

Fourteenth Amendments to the Constitution of the United States and 42

U.S.C. sections 1981, and 1983

(22) The acts of Defendant, County of Nassau, resulted from and

were taken pursuant to a de facto policy of encouraging, acquiescing or

approving of The Nassau County Police Department abusing their authority

when encountering minority citizens of New York.

(23)  The Plaintiff, Juan Noboa, is an adult, Hispanic male citizen of

the United States residing in New York State.

(24)  Upon information and belief, the acts of the Defendant and each

complained above, were committed against the plaintiff, Juan Noboa, solely

because of his race, which is Hispanic.

## AS AND A FOURTH CAUSE OF ACTION

(25) Plaintiff re-alleges paragraphs (1) through (24) above as though

specifically restated herein

(26) That at all times relevant and material, the Defendant, The

Nassau County Police Department employees, had a duty to serve and protect
The public. That after wrongfully arresting and damaging of the plaintiff, the
Defendant, The County of Nassau, took no affirmative acts to protect the
plaintiff from said unlawful arrest and imprisonment nor investigate the
damages or false imprisonment.

(27)  That due to the negligent and reckless disregard of a citizen's
Constitutional rights, the plaintiff was deprived of his freedom and liberty.

**WHEREFORE,** Plaintiff prays that the Court:

      1. Assume jurisdiction on this action and set the same down
promptly for trial;

      2. Award damages to the Plaintiff to adequately compensate for
damages sustained;

      3. Award punitive damages so as to deter the Defendant and others in
similar situations from like conduct;

      4. Award Plaintiff damages to reimburse for legal expenses;

      5. Plaintiff requests trial by jury; and

      6. Grant Plaintiff costs of his action, reasonable attorney fees,
interest and all other relief which is just proper in the premises.

## AS AND FOR A FIFTH CAUSE OF ACTION

(28)  Plaintiff re-alleges paragraph (1) through (27) above as though
specifically restated herein.

(29)  That by reason of the above negligence, carelessness and
recklessness of the defendant, the plaintiff was falsely arrested

(30)   As a result, suffered damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION

(31)  Plaintiff re-alleges paragraphs (1) through (30) above as through Specifically restated therein.

(32)  That by reasons of occurrence the defendant negligently, carelessly and recklessly caused the plaintiff, Juan Noboa to suffer emotional and mental anguish, public and private humiliation, loss of freedom, and deprivation of Constitutional Rights.

**WHEREFORE**, Plaintiff, by counsel, prays this honorable court award damages to commensurate the plaintiff suffered, costs of his action, trial by jury, and for all other relief just and proper in the premises.

### AS AND FOR A SEVENTH CAUSE OF ACTION

(33)  Plaintiff re-alleges paragraph (1) through (32) above a though specifically restated herein.

(34)  That therefore and on or about February 02, 2017, the plaintiff caused to be served upon the defendant, a claim for damages sustained by them as hereinbefore set forth, together with a demand for an adjustment of the same, and a notice that if their claim for damages was not settled or adjusted within thirty (30) days, an action would be commenced against defendant to recover the amount of their said claim, and that more than thirty (30) days have elapsed since the service of the said notice and claim, and the defendant has neglected and refused to adjust, settle or pay the same; that the said claim and notice were duly served upon the defendant within ninety (90) days after the occurrence, and that this action was commenced within one year and ninety days from the date of the date of the happening of the said occurrence.

(35)  That the plaintiff has duly complied with all statutory provisions and laws applicable to the defendant, and precedent to the making of this claim, and the bringing of this action, and have duly and

timely complied with all the conditions precedent to the claim and the

bringing of this action, and that this claim has been presented, and that

this action has been commenced within the period prescribed and provided

by Statute and law.

**WHEREFORE**, Plaintiffs, by counsel, prays this honorable court award

Damages to him for his damages, cost of this action, trial and jury, and for

all other relief just and proper in the premises.

Dated: Queens Village, New York
        July 10, 2017

                            Respectfully submitted

                    LAWRENCE LAW GROUP, LLC. P.C.
                    By:

                        MORTIMER A. LAWRENCE
                        Attorney for Plaintiff
                        112-04 Springfield Boulevard
                        Queens Village NY 11429
                        718-217-9040