| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive |  | **JOHN B. CHIARA**<br>Acing County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
516-571-6745

Writer's Telephone: 516-571-6745
Writer's E-Mail: afuchs@nassaucountyny.gov

October 28, 2021

Hon. Steven I. Locke
United States District Judge
Federal District Courthouse
100 Federal Plaza
Central Islip, New York 117722

      Re:    Noboa v. County of Nassau, et al.
                  2:17-CV-04099 (DRH)(SIL)

Dear Judge Locke:

The Office of the Nassau County Attorney represents all Defendants in this matter.

I am writing in opposition to Plaintiff's Motion to Reopen Discovery, which seeks to add a treating physician and expert witnesses to his case, and which seeks to obtain and use the unredacted disciplinary records of the arresting officer.

**Additional Witnesses**

The branch of Plaintiff's Motion seeking to add a treating physician and expert witnesses to the Pretrial Order should be denied. First, after speaking with the prior handling attorney from my office, I have learned that Plaintiff's counsel's assertion that Defendants sought to add a treating physician to their list of witnesses is false (Defendants do not seek to add any previously-undisclosed witnesses). Second, Plaintiff's Motion to Reopen Discovery is not supported by any – let alone, good – cause, and granting such relief would severely prejudice Defendants.

With regard to the addition of expert witnesses, in Gem Fin. Serv. V. City of New York, No. 13-CV-1686 (MKB) (RER), 2019 U.S. Dist. LEXIS 227825 (E.D.N.Y. April 18, 2019), Plaintiff sought to Reopen Discovery to substitute its expert witness for another. In denying Plaintiff's Motion, the Court noted that, pursuant to F.R.C.P. 16(b)(4), a District Court's scheduling order may only be modified upon a showing of "good cause." Id., at *4. Furthermore, the Court cited to the controlling case of Pharmacy, Inc. v. Am. Pharm. Partners, Inc., No. 05-CV-776 (DRH) (AKT), 2008 U.S. Dist. LEXIS 73293 (E.D.N.Y. Sept. 24, 2008), which states that the party seeking to reopen discovery bears the burden of showing good cause and the absence of "ample opportunity to pursue evidence during discovery." Gem Fin. Serv., supra, at *4, quoting Pharmacy, Inc., supra, at *3. Finally, the Court noted that there is a six-part rubric used for

determining the outcomes of such Motions, which include: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the District Court, and 6) the likelihood that the discovery will lead to relevant evidence." Id., at *3.

In this matter, discovery deadlines were set on November 27, 2017. See DE 11. Discovery was complete on January 28, 2020, nearly two years ago. See DE 30. Jury selection and trial were previously scheduled for May 24, 2021, before being transferred to your Honor. See DE 45. Though there currently is no trial date set for this matter, and so, as in Gem Fin. Serv., supra, the imminence of trial is an issue that resolves in Plaintiff's favor, the remaining Pharmacy, Inc. factors come down squarely on the side of Defendants.

As noted, Plaintiff's Motion to Reopen Discovery is herein opposed. Unlike in Gem Fin. Serv., supra, in which Plaintiff sought only to substitute an already-disclosed expert (and which still was denied), Plaintiff in this matter never previously disclosed that he sought to use *any* experts. Consequently, at this extraordinarily late stage, Defendants, who have prepared their case, would be severely prejudiced by having to confront experts who may advance new or alternative theories of liability or damages. Furthermore, Defendants will be severely prejudiced by the cost and time associated with having to depose these witnesses and hire experts of their own in a matter that should already have been tried.

The most egregious part of Plaintiff's attempt to now add experts and to his case goes to the diligence and foreseeability prongs of the Pharmacy, Inc. test. As stated above, discovery in this matter was open for more than two years, and it has been nearly another two years since discovery closed. Clearly, Plaintiff could have disclosed the witnesses he intended to rely upon at trial at any point during discovery, but he never did, and so he was not diligent in completing discovery during the ample time allowed by the Court. Furthermore, in terms of foreseeability, there is absolutely nothing that has developed in the recent history of this case that would lead Plaintiff only to now disclose these witnesses, and so any issues for which Plaintiff now feels the need to utilize these witnesses were issues that were foreseeable when discovery was open. Finally, Plaintiff has offered nothing in his Motion to demonstrate the likelihood that his adding these witnesses' testimony will be relevant to his case.

In addition to adding expert witnesses, Plaintiff is now seeking to add Amarilis Rivera, LCSW – a treating provider – to his case. While Defendants do not object to Plaintiff using this treating provider at trial, Defendants have tried, and failed, to obtain the provider's treatment notes and complete file, despite submitting to her a fully executed authorization and following up on multiple occasions. Consequently, unless Plaintiff can provide to Defendants Ms. Rivera's complete file concerning Plaintiff's treatment, she should not be permitted to testify as Defendants have been unable to apprehend and evaluate the scope of her treatment.

## New York Civil Rights Law § 50-a

Defendants oppose the portion of Plaintiff's Motion which seeks to obtain and use the unredacted disciplinary records of the arresting officer in light of the repeal of § 50-a of the New York Civil Rights Law. First, § 50-a of the New York Civil Rights Law never applied to § 1983 claims brought in federal court, and so its repeal does not affect the instant matter. See Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028 (S.D.N.Y. November 18, 2020). Second, as per F.R.C.P. 26(b)(1), Defendants have already turned over to Plaintiff the arresting officer's disciplinary records that are within the scope of Plaintiff's claims against Defendants. Third, Plaintiff's request to "use" such disciplinary records at trial should be subject to the admissibility and relevance standards of the Federal Rules of Evidence, and so the ability to use such records carte blanche should not be entertained as part of this

Motion. Finally, if the Court does grant Plaintiff's Motion to obtain such records, such records should be subject to the redaction of personal information and should be marked "FOR ATTORNEYS' EYES ONLY."

                                                  Respectfully,

                                                  Andrew R. Fuchs
                                                  Deputy County Attorney